IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1424-FL-KS

| | | |
|---|---|---|
| CHERYL FALU,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM & RECOMMENDATION** |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration. Cheryl Falu ("Plaintiff") filed this action seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions, and the matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the undersigned recommends that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**STATEMENT OF THE CASE**

Plaintiff applied for DIB on April 17, 2019, with an alleged onset date of October 1, 2015. (R. 251–52, 1113.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 161, 181, 191–92.) A

telephonic hearing was held on September 14, 2020, before Administrative Law Judge ("ALJ") Joseph Booth III, who issued an unfavorable ruling on November 27, 2020. (R. 12–71.) On March 15, 2021, the Appeals Council denied Plaintiff's request for review. (R. 1–3.) On May 19, 2021, Plaintiff filed for judicial review of the final administrative decision in this court. (R. 700–02.) On August 5, 2022, United States Magistrate Judge Brian S. Meyers ordered remand under sentence four of § 405(g) because the ALJ failed to properly analyze Plaintiff's fibromyalgia. (R. 712–23.) On September 12, 2022, the Appeals Council remanded the case for further proceedings consistent with Judge Meyers' order. (R. 725–27.)

On May 16, 2023, ALJ Booth held a telephonic hearing and issued another unfavorable ruling on June 23, 2023. (R. 621–70.) On October 18, 2023, Plaintiff filed for judicial review in this court. *See Smith v. O'Malley*, No.7:23-CV-1461-BO-BM (E.D.N.C. filed Oct. 18, 2023).[1] On August 13, 2024, United States District Court Judge Terrence Boyle ordered remand under sentence four of § 405(g), both parties having consented to an order remanding the matter to the Commissioner. (R. 1195–96 (Comm'r's motion to remand indicating consent from Plaintiff), 1199 (order).) On November 15, 2024, the Appeals Council remanded the case for further proceedings consistent with Judge Boyle's order. (R. 1201–04.)

On May 8, 2025, ALJ Christopher Willis held a telephonic hearing and issued an unfavorable ruling on May 19, 2025. (R. 1110–71.) Plaintiff initiated this action

[1] The case lists Plaintiff as "Cheryl Smith." Plaintiff notes in her brief in this case that "Plaintiff is alternatively known as 'Cheryl Smith' due to a change in her marital status. (Pl.'s Br. [DE #13] at 1.)

on August 21, 2025, seeking judicial review of the administrative decision. (Compl. [DE #1].)

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found Plaintiff last met the insured status requirements on December 31, 2020. (R. 1116.) At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from October 1, 2015, through December 31, 2020. (*Id.*) Next, the ALJ determined Plaintiff had, through the date last insured, severe impairments of fibromyalgia, degenerative disc disease, migraines, major depressive disorder, social anxiety/panic disorder, and unspecified personality disorder. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 1116.) The ALJ expressly considered Listings 1.15, 1.16, 1.18, 11.02, 12.04, 12.06, 12.08, and SSR 19–4p in connection with Plaintiff's headaches. (R. 1118–19.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the following provisos: She could frequently reach in all directions, push, pull, operate hand controls, handle, finger, and feel with the upper extremities. [Plaintiff] could frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch, and crawl. She had to avoid concentrated exposure to workplace hazards, such as dangerous, moving machinery or unprotected heights. [Plaintiff] could understand simple instructions and perform simple tasks. She could maintain concentration, persistence, and pace to stay on task for 2-hour periods during a typical 8-hour workday with normal breaks in order to perform such tasks. [Plaintiff] required a low-stress work setting, which is

> further defined to mean no production-pace or quota-based work. She required a goal-oriented job, primarily dealing with things instead of people. [Plaintiff] could have occasional social interaction with supervisors, co-workers, and the public as part of the job.

(R. 1120–21.) In making this assessment, the ALJ stated he considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 1121–22.) At step four, the ALJ concluded that Plaintiff was unable to perform past relevant work through the date last insured. (R. 1131.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, namely: checker (DOT #222.687-010), marker (DOT #209.587-034), and photocopy machine operator (DOT #207.685-014). (R. 1131–32.) The ALJ concluded that Plaintiff was not disabled under the Act from October 1, 2015, through December 31, 2020, the date last insured. (R. 1132.)

## IV. Plaintiff's Arguments

Plaintiff argues the ALJ failed to properly evaluate the limiting effects of Plaintiff's fibromyalgia and asks the court to reverse the Commissioner and award benefits, or, in the alternative, remand to the Commissioner again. (Pl.'s Br. [DE # 13] at 5–12.) The Commissioner contends the ALJ properly evaluated Plaintiff's fibromyalgia and its limiting effects on Plaintiff's ability to work. (Comm'r's Br.

[DE #18] at 7–12.) The undersigned recommends remand for the reasons explained below.

Plaintiff argues the ALJ "applied an incorrect legal standard in determining the limitations arising from [Plaintiff's] fibromyalgia because he effectively required objective evidence to substantiate [Plaintiff's] allegations of pain and degree of limitation resulting from her fibromyalgia." (Pl.'s Br. at 7.) However, the undersigned discerns nothing in ALJ Willis' decision tantamount to "effectively requiring [a claimant's] subjective descriptions of [fibromyalgia] symptoms to be supported by objective medical evidence." *Arakas v. Comm'r SSA*, 983 F.3d 83, 96 (4th Cir. 2020) (holding that ALJ improperly increased the burden of proof in a fibromyalgia case where the ALJ said the claimant's subjective statements were not "completely consistent with the objective evidence" and emphasized that medical reports did not indicate "the type of significant clinical and laboratory abnormalities one would expect if the claimant were disabled"). ALJ Willis summarized the medical records regarding fibromyalgia, but that summary is not the same as effectively requiring objective medical evidence. (*See* R. 1121–24.) ALJ Willis' boilerplate statement that Plaintiff's subjective statements are "not persuasive of disability based upon the medical and other evidence in the record" comes close to this, but not quite. *Compare* (R. 1122) *with Arakas*, 983 F.3d at 96. Nevertheless, Plaintiff's argument is well-taken because it illuminates a more fundamental problem in ALJ Willis' decision.

ALJ Willis failed to "explain which of [Plaintiff's] symptoms [he] found consistent or inconsistent with the evidence in [her] record and how [his] evaluation

of [Plaintiff's] symptoms led to [his] conclusion." SSR 16–3p, 2017 WL 5180304, at *8 (Oct. 25, 2017). A symptom evaluation requires two steps: "[f]irst, the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to cause the claimant's alleged symptoms," and then second, "the ALJ must assess the intensity and persistence of the alleged symptoms." *Arakas*, 983 F.3d at 95. The ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." SSR 16–3p, 2017 WL 5180304, at *10. Here, the ALJ failed to explain how he evaluated Plaintiff's statements regarding her symptoms and why he found them not fully persuasive. This lack of explanation requires remand. *See Oakes v. Kijakazi*, 70 F.4th 207, 216 (4th Cir. 2023) (citing *Mascio*, 780 F.3d at 640).

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the agency's final administrative decision be REVERSED and the case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **August 27, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and

Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline, will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 13th day of August 2026.

Kimberly A. Swank

KIMBERLY A. SWANK
United States Magistrate Judge